UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVA PEPAJ,<br><br>                    Plaintiff,<br><br>-against-<br><br>SKIPLAGGED, INC.<br><br>                    Defendant. | No. 1:25-cv-6133 (LAP)<br><br>OPINION AND ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Skiplagged, Inc.'s motion to dismiss the Second and Third Causes of Action of Plaintiff's Complaint[1] (see Complaint ("Compl."), dated May 13, 2025 [dkt. no. 1]) filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion.[2]  For the reasons set forth below, Defendant's Motion is GRANTED.

### I.    **Background**

#### A. **Factual Allegations**

As alleged in the Complaint, Plaintiff Eva Pepaj ("Plaintiff") is a well-known model, actress, and social media personality.  (Compl. ¶ 9.)  Plaintiff posts a combination of paid promotional content and non-promotional content on multiple

---

[1] (See Memorandum in Support of Motion to Dismiss ("Defendant's Mem."), dated Aug. 20, 2025 [dkt. no. 25]; Reply Memorandum in Support of Motion to Dismiss ("Defendant's Reply"), dated Sept. 19, 2025 [dkt. no. 30].)

[2] (See Plaintiff's Memorandum in Opposition to Motion ("Pl. Opp."), dated Sept. 12, 2025 [dkt. no. 29].)

social media platforms, including Facebook, and has millions of followers across platforms.  (Id. ¶¶ 9, 11.)

On or about May 14, 2023, Plaintiff uploaded a four-minute satirical video titled "Woman's Plastic House Gets Destroyed on Flight!" (the "Video") to her Facebook account.  (Id. ¶ 12.) The Video depicts Plaintiff taking "COVID-19 related precautions on an airplane, including wrapping her seats in saranwrap, being videoed by a fellow passenger for doing so, and subsequently getting into an altercation with a steward concerning her precautions."  (Id.)  As of April 2025, the Video had over eleven million views on Facebook.  (Id. ¶ 14.)  Plaintiff is the "creator, author, and publisher of the Video" as well as the "sole owner of all rights, title, and interest in and to the Video, including the copyright thereto."  (Id. ¶ 15.)  The Video is registered with the U.S. Copyright Office.  (Id. ¶ 16.)

On or about May 22, 2023, Skiplagged, Inc. ("Defendant") published the Video to the Skiplagged Instagram page without licensing the Video from Plaintiff nor obtaining Plaintiff's permission.  (Id. ¶¶ 17, 20, 21.)  As of April 2025, the Skiplagged Instagram page had approximately one hundred thousand followers.  (Id. ¶ 17.)  Defendant uses the Skiplagged Instagram page for commercial purposes—i.e., to market its product and provide travel discounts.  (Id. ¶¶ 18, 19.)

2

**B. Procedural Background:**

On May 13, 2025, Plaintiff filed this action, asserting three claims for relief: Copyright Infringement in violation of the Copyright Act, 17 U.S.C. §§ 106, 501 (Count One); Statutory Misappropriation of Publicity in violation of California Civil Code § 3344 (Count Two); and Misappropriation of Publicity in violation of California Common Law (Count Three).  (See Compl.) In July 2025, this matter was transferred to the Southern District of New York from the Central District of California. (Id.)  In August 2025, Defendant filed a partial motion to dismiss seeking dismissal of Counts Two and Three.  (See Defendant's Mem.)  In September 2025, Plaintiff filed an opposition to the motion to dismiss.  (See Pl. Opp.) Thereafter, Defendant filed a reply to Plaintiff's opposition. (See Defendant's Reply.)

## II.  Legal Standard

### A. Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a motion to dismiss, the Court must draw "all reasonable inferences" in a plaintiff's favor.  Rothstein v. UBS AG, 708 F.3d 82, 94 (2d

3

Cir. 2013) (citations omitted).  The Court is not required, however, "to credit conclusory allegations or legal conclusions couched as factual allegations."  Id. (citations omitted). Pleadings that offer only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citation omitted).

**B. Preemption**

To state a claim for misappropriation of publicity under California common law, Plaintiff must allege "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury."  Gionfriddo v. Major League Baseball, 94 Cal. App. 4th 400, 409 (2001).

California's misappropriation of publicity statute dictates that "[a]ny person who knowingly uses another's name, voice, signature, photograph, or likeness in any manner . . . for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without that person's prior consent . . . shall be liable for any damages sustained by the person or persons injured as a result thereof."  Cal. Civ. Code § 3344(a).  To state a claim under California Civil Code § 3344, Plaintiff "must prove not only the elements of a common law claim, but also must demonstrate: (1) knowing use by the

4

defendant and (2) a direct connection between the alleged use and the commercial purpose." Neu Prods. Inc. v. Outside Interactive, Inc., No. 23-CV-4125-GWG, 2024 WL 1161498, at *9 (S.D.N.Y. Mar. 19, 2024) (internal quotations and citations omitted).

The Copyright Act provides that all rights equivalent to those "specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by section[] 102 . . . are governed exclusively by [the Copyright Act]. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a).

To determine whether a state law claim is covered by this exclusivity provision and thus subject to preemption, the Court of Appeals utilizes a two-step test. Santos v. Kimmel, 745 F. Supp. 3d 153, 169 (S.D.N.Y. 2024). The first step, known as the subject matter requirement, is satisfied if the plaintiff's claim concerns "a work of authorship fixed in a tangible medium of expression [that falls] within the ambit of one of the categories of copyrightable works." Melendez v. Sirius XM Radio, Inc., 50 F.4th 294, 301 (2d Cir. 2022) (internal quotations and citations omitted). The second step, known as the general scope requirement, is satisfied if "the state

5

created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law." Id. (internal quotations and citations omitted). In short, Plaintiff's California statutory and common law causes of action would be preempted by the Copyright Act should the Court conclude that these claims (a) are based on subject matter covered by the Copyright Act, and (b) assert a right that is within the scope of copyright. See In re Jackson, 972 F.3d 25, 42-43 (2d Cir. 2020). The Court of Appeals has further instructed that, as a general principle, "the more the defendant has used a copyrighted work for its own value, as opposed to using it to exploit the depicted plaintiff's identity, the more the right of publicity claim brought by someone depicted in the work can be considered a disguised effort to control the dissemination of the work." Id. at 50.

## III. Discussion

Through Count One, Plaintiff alleges infringement on her copyright by Defendant's reproduction of the Video on the Skiplagged Instagram Page. (See Compl ¶ 23.) Through Counts Two and Three, Plaintiff alleges that Defendant, without Plaintiff's permission, "knowingly used [Plaintiff's] image" for Defendant's own profit and thereby "denied [Plaintiff] the fair market value" of the commercial use of Plaintiff's image. (See id. ¶¶ 33, 39, 43, 48.)

6

Plaintiff argues that application of the two-step test to her state law claims supports the conclusion that these claims are not preempted.  First, Plaintiff asserts that the subject matter of the claims is different, as the state law claims focus on the use of Plaintiff's "likeness" (i.e., persona, image, or identity) rather than on the republication of the copyrighted work.  (Pl. Op. at 3-6).  Second, Plaintiff argues that the rights asserted by the claims are different, as the commercial value of Plaintiff's likeness is distinct from that of the Video.  (Pl. Opp at 7-10).  The Court——following its own analysis of Plaintiff's claims under the two-step test—— disagrees.

**A. Subject Matter Requirement**

Although Plaintiff argues that the subject matter of her state law claims is not the Video itself, but her non-copyrightable likeness (Pl. Opp. at 4), unauthorized use of likeness claims purportedly based on non-copyrightable subject matter may nonetheless be subject to preemption if they are determined to be pretextual attempts to enforce non-dissemination of copyrightable work.  See Jackson, 972 F.3d at 46.

1. The Video is Copyrightable Subject Matter

The Copyright Act provides protection for "original works of authorship fixed in any tangible medium of expression . . . ." 17 U.S.C. § 102(a).  Moreover, the Act explicitly dictates that

"motion pictures and other audiovisual works" come within the subject matter of copyright.  17 U.S.C. § 102(a)(6).  Because Plaintiff alleges that she is the creator and author of the Video (Compl. ¶ 15), the Video fulfills the originality requirement, which mandates "only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."  Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 109 (2d Cir. 2001) (internal quotations and citations omitted).  Accordingly, the Video constitutes subject matter that is protected by the Copyright Act.

    2. Pretext

To determine if Plaintiff's likeness claims are pretextual attempts at enforcing her copyright, the Court must evaluate whether Defendant posted the Video to gain commercial advantage through Plaintiff's identity, and/or convey that Plaintiff endorses the Skiplagged brand, or whether Defendant posted the Video to gain advantage solely from the value of the work itself.  See Jackson, 972 F.3d at 48-49.

Non-pretextual right of publicity claims involve reproduction of work in a manner that goes "well beyond mere republication." Id. at 49 (quoting Laws. v. Sony Music Ent., Inc., 448 F.3d 1134, 1141 (9th Cir. 2006)).  For example, an advertising campaign survived preemption in the Ninth Circuit because it not

8

only reproduced a photograph but also referenced the plaintiffs

by name as well as marketed clothing that resembled what the

plaintiffs wore in the photo.  Laws, 448 F.3d at 1141

(discussing Downing v. Abercrombie & Fitch, 265 F.3d 994 (9th

Cir. 2001)).

Plaintiff alleges that Defendant sought advantage from her

status as a popular social media influencer and potentially

mislead viewers into thinking Plaintiff sponsored or endorsed

the Skiplagged brand.  (Pl. Opp. at 5-6.)  But Plaintiff offers

no plausible allegations to support that claim other than her

own conclusory interpretation.  See Twombly, 550 U.S. at 555;

Iqbal, 556 U.S. at 678.  Plaintiff does not allege that

Defendant, in the Video's caption or otherwise, utilized the

Video in a way that would lead reasonable viewers to conclude

that Plaintiff is a user or endorser of Defendant's commercial

service.  By contrast, Plaintiff merely alleges that she was

"damaged by Skiplagged's unauthorized commercial use of the

Video" and that Skiplagged "exploit[ed] her image when it

published the Video."  (Compl. ¶¶ 40, 46.)  Indeed, Plaintiff's

likeness cannot be detached from the use of the copyrighted

Video itself.  See Baker v. Urb. Outfitters, Inc., 431 F. Supp.

2d 351, 364 (S.D.N.Y. 2006) (explaining that allegations of

unlawful reproduction of copyrighted work, standing alone, are

9

preempted by the Copyright Act); see also Ray v. ESPN, Inc., 783 F.3d 1140, 1144 (8th Cir. 2015).

Accordingly, the subject matter of Plaintiff's unauthorized use of likeness claims is not Plaintiff's likeness but the Video itself, which falls under the subject matter of the Copyright Act.  Thus, this requirement is met.

### B. General Scope Requirement

The general scope requirement asks whether the action challenged under state law "'infringe[s] one of the exclusive rights provided by federal copyright law' through 'reproduction, adaptation, performance, distribution or display.'"  Melendez, 50 F.4th at 307 (quoting Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004)).

Plaintiff argues that the general scope requirement is not satisfied because the commercial value of Plaintiff's likeness is distinct from that of the Video.  (Pl. Opp at 8-9.) Moreover, Plaintiff claims that she was "denied the fair market value" of the use of her image, "which is the measure of damages for violation of an individual's right of publicity, as distinct from those damages available under the Copyright Act."  (Id. at 9.)  However, it is immaterial that Plaintiff alleges two distinct harms if she does not adequately allege that the "'nature' of [the] state law action 'is qualitatively different from [the] copyright infringement claim.'"  Jackson, 972 F.3d at

10

53.  The Court of Appeals has explicitly held that California misappropriation of publicity claims are preempted by the Copyright Act if the alleged misconduct does not go beyond mere reproduction of copyrighted work.  See Melendez, 50 F.4th at 305-06.  Because each of Plaintiff's claims arise from one single act——Defendant's reproduction of Plaintiff's copyrighted Video——Plaintiff has failed plausibly to allege "any use of [her] name or likeness that is separate from, or beyond" the republication of her Video.  Id. at 297.  Accordingly, the general scope requirement is satisfied.

In short, because the only unlawful conduct alleged is Defendant's reproduction of Plaintiff's copyrighted Video, the Court finds that the California law claims (Counts Two and Three) are preempted by the Copyright Act.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss the Second and Third Causes of Action in the complaint is GRANTED. Count Two (Statutory Misappropriation of Publicity in violation of California Civil Code § 3344) and Count Three (Misappropriation of Publicity in violation of California Common Law) of Plaintiff's Complaint are DISMISSED. Count One (Copyright Infringement in violation of the Copyright Act) survives.

The Clerk of the Court shall close docket number 24.

11

Counsel shall confer and inform the Court by letter no later than April 1 how they propose to proceed.

**SO ORDERED.**

Dated:    March 25, 2026
New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

12